UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW SCOTCHMER,

                      Plaintiff,

      v.

JIM PERRY,

                      Defendant.
_____

REPORT & RECOMMENDATION

17-CV-6561CJS

## PRELIMINARY STATEMENT

Plaintiff Matthew Scotchmer ("Scotchmer") initiated this action *pro* se on August 11, 2017, asserting claims under 42 U.S.C. § 1983. (Docket # 1). By Order of Hon. Charles J. Siragusa, United States District Judge, dated April 30, 2019, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 13). On July 25, 2019, this Court issued the pending Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 20). Scotchmer did not respond to the Order to Show Cause.

On May 7, 2019, this Court scheduled a Rule 16 conference to be held on June 20, 2019, at 10:00 a.m. (*See* Docket, 5/7/19 Notice). Notice was sent to Scotchmer at his address of record, but the notice was returned as undeliverable.[1] (Docket # 16). On June 20, 2019, Paul V. Mullin, Esq., counsel for defendant, appeared by telephone for the scheduled

---

[1] Scotchmer was incarcerated when he filed his Complaint. (Docket # 1). It appears that he was subsequently released but failed to notify the Court of his new address.

conference, but plaintiff did not appear. (Docket # 18). Later that day, this Court issued an Order rescheduling the conference to July 25, 2019, at 10:00 a.m., and a copy of the Order was sent to Scotchmer. (Docket # 17). The Order advised Scotchmer, "[S]hould plaintiff fail to appear for the July 25, 2019 scheduling conference, this Court will issue an Order to Show Cause why the case should not be dismissed." (*Id.*). The Order further provided that Scotchmer could appear telephonically provided that he made arrangements in advance with chambers. (*Id.*). The copy of the Order sent to Scotchmer was thereafter returned as undeliverable. (Docket # 19). Mr. Mullin appeared for the July 25, 2019 conference by telephone, but Scotchmer again failed to appear without notice or excuse. (Docket # 22).

Following plaintiff's second failure to appear for the Rule 16 conference, this Court issued the pending Order to Show Cause on July 25, 2019. (Docket # 20). The Order to Show Cause directed Scotchmer to respond by August 15, 2019. (*Id.*). It warned Scotchmer, "Failure to comply with this order will result in the recommendation of the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*). Although a copy of the Order was mailed to Scotchmer at his address of record, the Order was again returned as undeliverable. (Docket # 21). Scotchmer has not responded to the Order to Show Cause and has not provided the Court with notice of his current address.

On this record, the Court recommends that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six (6) months and is not in compliance with the directions of the . . . Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b). Further, the Local Rules provide that "a *pro se* litigant must inform the Court immediately, in writing, of any change of address[;] [f]ailure to do so may result in dismissal of the case, with prejudice." W.D.N.Y. Local Rule 5.2(d).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993);

3

*Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

    In the case at bar, Scotchmer has not communicated with the Court since he filed a motion for leave to proceed in forma pauperis in September 2017. (Docket # 6). He has twice failed to appear for the court-ordered Rule 16 conference. (Docket ## 18, 22). When he first failed to appear, this Court issued a rescheduling order warning plaintiff that if he did not appear at the rescheduled conference an Order to Show Cause would issue. (Docket # 17). The Order to Show Cause warned Scotchmer that his failure to respond would result in a recommendation by this Court to dismiss the action. (Docket # 20). Unsurprisingly, given Scotchmer's failure to

4

apprise the Court of his current address, the Order to Show Cause was returned to the Court as undeliverable. (Docket # 21).

As several courts have noted, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." *Gomez-Ka'Dawid v. Wright*, 2013 WL 1103208, *1 (W.D.N.Y. 2013) (collecting cases). "The Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to prosecute." *Id.* at *2. In this case, the Order to Show Cause explicitly warned Scotchmer of the possibility of dismissal. That it was returned because Scotchmer failed to update his address cannot insulate Scotchmer from the consequences of his delinquency. Additionally, "[f]urther attempts to notify [Scotchmer] would be futile as the Court has no means by which to contact [Scotchmer]." *Id.* On this record, I find that Scotchmer's actions demonstrate the level of prosecutive delinquency justifying dismissal.

## CONCLUSION

For the foregoing reasons, I recommend that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

                                                  *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       November 6, 2019

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
        November 6, 2019